UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH OBERG,<br><br>            Plaintiff,<br><br>   v.<br><br>CAROLYN W COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | CASE NO. 13-5581 RJB-KLS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom. Dkt. 27. The Court has considered the Report and Recommendation (Dkt. 27), Plaintiff's Objections (Dkt.28), Defendant's Response to Plaintiff's Objections (Dkt. 29) and Plaintiff's Reply (Dkt. 30), and is fully advised.

I. **FACTS**

The facts and procedural history are in the Report and Recommendation (Dkt. 27, at 1-5) and are adopted here.

Plaintiff raises two objections to the Report and Recommendation. Dkt. 28. First, she argues the ALJ violated the Ninth Circuit Court of Appeal's mandate and did not meet his burden of production at stage five when he failed to use vocational expert testimony to account for Plaintiff's change in age. *Id*. Second, she asserts the ALJ erred by failing to give germane reasons to reject lay witness testimony. *Id.*

## II.   DISCUSSION

The Report and Recommendation (Dkt. 27) should be adopted and Commissioner's decision affirmed. ALJ Johnson complied with the Ninth Circuit's mandate and met his burden of production at stage 5. He properly rejected the lay witnesses' testimony.

### A.   COMPLYING WITH THE MANDATE AND BURDEN AT STEP 5

In the opinion prior to the mandate, the Ninth Circuit noted that the Commissioner denied Plaintiff's first application for disability insurance benefits for the period ending July 31, 2003, and that the determination that she was not disabled was *res judicata* and created "a presumption that she was not disabled for the present period, which she claimed began May 23, 2003, and ended June 30, 2005, when her Social Security disability insurance coverage terminated." Tr. 1205; *Oberg v. Astrue*, 472 F. App'x 488, 490-91 (9th Cir. 2012). The Ninth Circuit also affirmed the ALJ's decision to discredit Plaintiff's testimony that her condition had worsened after July 31, 2003, after having reviewed the record and finding that it was apparent that the medical evidence indicated no real change in her medical condition since the prior determination. *Id*. The Ninth Circuit also did not find that the ALJ had committed error when he relied "on the 2003 determination at Step 5 of the analysis which, of course, relied upon the testimony of the vocational expert." *Id*. The Court did find that the ALJ committed error "when he failed to note that Oberg had changed age categories after the date of the first decision. She went from the

category of a 'younger person' to that of a person 'closely approaching advanced age,' but the ALJ did not consider that." *Id.* (*internal citations omitted*).  (Plaintiff turned 50 on April 7, 2005 and her coverage terminated on June 30, 2005).   The Court stated it was "loath to attempt to determine the effect of the ALJ's serious error in the first instance—it might affect Oberg's residual functional capacity, the testimony of the vocational expert, or other aspects of the Commissioner's decision. Therefore, [it reversed and remanded] for further consideration."  Tr. 1205; *Oberg v. Astrue*, 472 F. App'x 488, 491 (9th Cir. 2012).

   On remand, the ALJ considered Plaintiff's change in age category and found that it did not change the prior decision or require additional testimony from a vocational expert.  As stated in the Report and Recommendation, the ALJ discussed his consideration of the affect of Plaintiff's change in age as follows:

> . . . Age is accounted for in the framework of the Medical-Vocational Rules. However, the claimant has transferable skills.  Therefore, she is not disabled under Medical-Vocational Rule 202.15.  The identical result is achieved with both the "younger person" and "closely approaching advance[d] age" categories (Medical-Vocational Rules 202.15 and 202.22).  Furthermore, the work she could perform within her residual functional capacity was identified in Exhibit B3, pages 11 to 12.
>
> The residual functional capacity is not affected by a change in age categories because it is not based on age. . . . Also, in the short period of time relevant here, the claimant's condition did not deteriorate or improve to change the residual functional capacity finding.  While age is not accounted for in the residual functional capacity, age is accounted for in the application of the Medical[-]Vocational Guidelines as a framework.  The Vocational Expert applied this framework in testimony (Ex. B3A11-12).  Age can sometimes change the result within this framework. But, in the present case, the claimant's change in age category achieved the identical result with both the younger and closely approaching advanced age Guidelines in the light and sedentary levels (Guidelines 201.22, 202.22, 201.15, and 202.15). Use of the framework of Guideline 202.22 was not overturned on appeal and the claimant is capable of a reduced range of light work, so Guideline 202.15 is the appropriate additional framework rule here in light of [the] claimant's changed age during the relevant period.

ORDER ADOPTING REPORT AND
RECOMMENDATION- 3

>The vocational expert's testimony would not be affected because the identical result would be achieved with both age categories under the Medical-Vocational Rules, and age does not affect the residual functional capacity. Nor would the change in age category affect any other aspects of the decision.

Dkt. 27, at 10 (*citing* AR 1142-43). Plaintiff's argument that the Ninth Circuit required consideration of new expert testimony is without merit. The Report and Recommendation points out that Plaintiff concedes that the change in age categories did not impact her residual functional capacity. Dkt. 27. Plaintiff does not offer any meaningful reason why new expert testimony is required. The ALJ complied with the Ninth Circuit's mandate and met his burden at step 5. Plaintiff's objections do not offer a basis to reject the Report and Recommendation.

## B. LAY WITNESSES

The ALJ did not err in rejecting the testimony of the two lay witnesses. As stated in the Report and Recommendation, the ALJ rejected their testimony because 1) it was inconsistent with the claimant's reports, 2) it was based on Plaintiff's presentation, which was determined to be unreliable, 3) broad statements concerning the time period do not "shed additional light on the relevant period," and 4) their statements do not indicate that Plaintiff's condition had worsened, and 5) to the extent that they did, this would be inconsistent with the lack of evidence of seeking treatment. Dkt. 27.

The Report and Recommendation's analysis on this issue should be adopted. Except for the second reason, on balance, these are germane reasons for the ALJ to reject the witnesses' testimony. T*homas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002)(conflict between witness's statements and other evidence is a legitimate reason to reject witness statements). The Report and Recommendation (Dkt. 27) should be adopted and the decision of the Commissioner affirmed.

### III. ORDER

1) The Report and Recommendation (Dkt. 27) **IS ADOPTED**; and

2) The decision of the Commissioner **IS AFFIRMED**.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge Karen L. Strombom, all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of July, 2014.

*[signature]*

ROBERT J. BRYAN
United States District Judge